**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DRAKE ALLEN ALLBRIGHT,

        Plaintiff,

vs.                                          Case No. 6:13-cv-192-Orl-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Drake Allen Allbright ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). His alleged inability to work is based upon anxiety, depression, and the condition of encephalomalacia[2] which causes him to experience memory blackouts and seizures. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed April 12, 2013, at 208. On July 29, 2009 and October 5, 2009 respectively, Plaintiff filed applications for DIB and SSI, alleging an onset disability date in both applications of December 3, 2008. Tr. at 161-63 (DIB), 164-72 (SSI). Plaintiff's

---

      [1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed April 16, 2013; Reference Order (Doc. No. 15), entered April 17, 2013.

      [2]     Encephalomalacia is a softening of brain tissue that is usually caused by vascular insufficiency or degenerative changes.

claims were denied initially, Tr. at 89-90, 93-94, 95-96, 98-99, and were denied upon reconsideration, Tr. at 91-92, 106-08, 109-10.

On June 14, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified. Tr. at 33-88. Plaintiff was represented by an attorney at the hearing. Tr. at 33, 36. The ALJ issued an unfavorable Decision on August 26, 2011, finding Plaintiff not disabled from December 3, 2008 through the date of the Decision. Tr. at 14-27. On December 10, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then commenced this action on February 4, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3), by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal: whether the ALJ erred in evaluating the opinions of Plaintiff's treating psychiatrist and a non-examining state agency consulting psychologist; whether the ALJ erred in assigning great weight to the opinion of the non-examining state agency psychologist but then allegedly failing to incorporate all of the non-examining psychologist's findings into the residual functional capacity ("RFC") assessment; and whether the ALJ erred at steps four and five of the sequential evaluation process in determining the types of jobs Plaintiff can perform. Plaintiff's Brief (Doc. No. 18; "Pl.'s Br."), filed May 29, 2013, at 2. On July 12, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff. See Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem."). After a thorough review of the entire record and consideration

of the parties' respective filings, the Commissioner's final decision is due to be affirmed for the reasons stated in this Opinion and Order.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 16-26. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since December 3, 2008, the alleged onset date." Tr. at 16 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: pseudo-seizures vs. epilepsy, syncope, depression, panic attacks, and encephalomalacia." Tr. at 16 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform medium work as defined in 20 C[.]F[.]R[.] [§§] 404.1567(c) and 416.967(c) except [Plaintiff] is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently. [Plaintiff] is able to stand/or walk for six hours total in an eight-hour workday. [Plaintiff] is able to sit for six hours total in an eight-hour workday. [Plaintiff] is unlimited in his push/pull activities. [Plaintiff] may frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl but must never climb ladders, ropes, or scaffolds. [Plaintiff] must avoid hazards, moving and mechanical parts, and high, exposed places. [Plaintiff] is able to concentrate and persist for two hour segments and is unable to meet fast paced, high production demands.

Tr. at 19 (emphasis omitted). At step four, the ALJ found Plaintiff "is capable of performing past relevant work as an eligibility worker." Tr. at 25 (emphasis omitted).[4] At step five, after considering Plaintiff's age (forty (40) on the alleged disability onset date), education ("limited"), work experience, and RFC, the ALJ determined alternatively that "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform[.]" Tr. at 25-26 (citations omitted). Those jobs include "[h]ospital [c]leaner" and "[d]ining [r]oom [a]ttendant[.]" Tr. at 26. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 3, 2008, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions

---

[4]   Plaintiff also has past relevant work as a department manager, a household appliance sales person, and a retail store manager. Tr. at 25.

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Although Plaintiff's alleged disability stems mostly from physical problems, Plaintiff on appeal mainly focuses on the ALJ's findings relating to his mental condition. Plaintiff first contends the ALJ erred in discounting the opinion of treating psychiatrist Stephen Oh, M.D. and non-examining state agency consulting psychologist Wendy Silver, Psy.D. Pl.'s Br. at 2, 9-15. Plaintiff next contends the ALJ erred in assigning great weight to Dr. Silver's opinion, but then allegedly failing to account for all of Dr. Silver's assigned limitations in the

RFC. Id. at 2, 15-18. Finally, Plaintiff asserts the ALJ erred in determining at steps four and five that there are jobs Plaintiff can perform despite his impairments. Id. at 2, 18-20. The undersigned addresses Plaintiff's first and second arguments together, followed by Plaintiff's third argument separately.

## A. ALJ's Handling of Medical Opinions (Plaintiff's Issues One and Two)

### 1. Applicable Law

The Regulations establish a "hierarchy" among medical opinions[5] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

---

[5] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

With regard to a treating physician or psychiatrist,[6] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id.  When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v.

---

[6] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Similarly, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is

rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

**2. Opinions at Issue**

    **a. Dr. Oh (treating psychiatrist).** Dr. Oh has been treating Plaintiff for depression and anxiety since May 2007. Tr. at 447. On December 21, 2010, Dr. Oh filled out a Mental RFC Assessment in which he opined Plaintiff is markedly limited in two of three areas related to understanding and memory and moderately limited in the remaining area; Plaintiff is markedly limited in six out of eight areas related to sustained concentration and persistence and moderately limited in the remaining two areas; Plaintiff is markedly limited in one of five areas related to social interaction and moderately limited in the remaining four areas; and Plaintiff is markedly limited in four out of four areas related to adaptation. Tr. at 700-02.

    **b. Dr. Silver (non-examining psychologist).** On May 6, 2010, Dr. Silver filled out a Psychiatric Review Technique, Tr. at 603-16, and a Mental RFC Assessment, Tr. at 599-602. According to Dr. Silver, Plaintiff suffers from "cognitive disorder," Tr. at 604, "depressive disorder/adjustment disorder," Tr. at 606, and "panic disorder," Tr. at 608. As a result of the disorders, Plaintiff has mild limitations in daily living and maintaining social functioning. Tr. at 613. Plaintiff has moderate limitations in maintaining concentration, persistence, or pace. Tr. at 613. Plaintiff has not experienced any episodes of decompensation. Tr. at 613.

In contrast to Dr. Oh's Mental RFC Assessment, Dr. Silver opined on the Mental RFC Assessment that Plaintiff is not significantly limited in all four areas related to understanding

and memory; Plaintiff is not significantly limited in six out of eight areas related to sustained concentration and persistence but is moderately limited in the remaining two areas; Plaintiff is not significantly limited in all five areas related to social interaction; and Plaintiff is not significantly limited in three out of four areas related to adaptation but is moderately limited in the remaining area. Tr. at 599-600. Dr. Silver also elaborated in the narrative section in part:

> He appears capable of understanding, remembering and completing simple tasks. He tends to have some difficulty with sustained concentration. He may require extra time to complete a normal work week. He is capable of understanding and following a schedule. He does not require any extraordinary supervision. He has appropriate social skills and gets along with others. He may benefit from help in evaluating his strengths and weaknesses and formulating future goals.

Tr. at 601.

### 3. Analysis of ALJ's Findings

As to Dr. Oh, the ALJ accurately summarized his findings, Tr. at 23, and then stated:

> The undersigned accords little weight to Dr. Oh's opinion and medical source statement of [Plaintiff's] abilities because they are contradicted by [Plaintiff's] own reported activities consisting of driving, volunteering for Cub Scouts, overnight camping-out, attending a wedding and reception, and walking over three miles in the neighborhood.
>
> Additionally, Dr. Oh's own treatment records indicate that [Plaintiff] has good functioning on his mental status examinations, which also contradict his severe medical source statement and findings.

Tr. at 23-24 (citations omitted).

As to Dr. Silver, the ALJ accurately summarized Dr. Silver's findings, Tr. at 24-25, and then stated:

> The undersigned . . . accords greater weight to the most recent P[sychiatric ]R[eview ]T[echnique] and M[ental ]RFC given by . . . Dr. Silver

> because she found [Plaintiff's] mental impairments to be severe. The undersigned agrees with Dr. Silver and adopts her functional limitations . . . and also finds that Dr. Silver's opinion supports the [RFC assigned earlier in the Decision] finding [Plaintiff] able to concentrate and persist for two hour segments and finding [Plaintiff] unable to meet fast paced, high production demands or "production pace."

Tr. at 25.

Plaintiff argues that the reasons articulated by the ALJ for discounting Dr. Oh's opinion are insufficient and are not supported by substantial evidence in the record. Pl.'s Br. at 11-15. Specifically, Plaintiff contends the ALJ's reliance on Plaintiff's activities was inappropriate because Plaintiff does not perform those activities five days per week for eight hours per day, as would be required to obtain employment. Id. at 11-12. Plaintiff also contends that the ALJ's reliance on the alleged inconsistency between Dr. Oh's opinion and his treatment notes was too "conclusory" and is not supported by substantial evidence in the record. Id. at 13-14. Plaintiff further asserts that the ALJ's reliance on Dr. Silver's opinion in lieu of Dr. Oh's opinion was inappropriate. Id. at 14-15. Finally, even though the ALJ chose to rely on Dr. Silver's opinion, according to Plaintiff, he failed to include part of the opinion in the RFC assessment. Id. at 15-18.

The undersigned finds that the ALJ articulated with sufficient specificity the reasons for discounting Dr. Oh's opinion, and those reasons are supported by substantial evidence in the record. The undersigned further finds no error in the ALJ's treatment of Dr. Silver's opinion. A more detailed discussion follows.

In discounting Dr. Oh's opinion, the ALJ correctly observed that Plaintiff's reported activities have, at times, been inconsistent with the limitations imposed by Dr. Oh. Tr. at 23. In other words, Plaintiff's ability to drive, participate in Cub Scouts, attend a wedding and

reception, and walk for a long duration shows that Plaintiff's mental functioning is more intact than Dr. Oh opined. See Tr. at 23. The ALJ also found partially incredible Plaintiff's testimony during the hearing regarding his activities because the testimony was in some respects inconsistent with previous reports to the Administration. Tr. at 21. These findings are supported by substantial evidence in the record. See Tr. at 251 (Plaintiff's father-in-law reporting Plaintiff's attendance at a wedding and reception spanning three hours); compare Tr. at 249-52 (Plaintiff's father-in-law reporting Plaintiff driving kids to school and other activities), with Tr. at 45-47, 67-68 (Plaintiff's testimony regarding limited driving), 233 (Plaintiff reporting on a form[7] that he is able to drive but does not do so because of "doctor's orders"[8]); compare Tr. at 249-52 (Plaintiff's father-in-law reporting Plaintiff's activities with Cub Scouts, including walking for three miles scouting for food and walking in neighborhood asking for food donations), with Tr. at 53-57 (Plaintiff's testimony regarding limited participation in Cub Scouts, but nevertheless participating in an overnight camping trip).

The undersigned also finds sufficiently specific and supported by substantial evidence the ALJ's statement that "Dr. Oh's own records indicate that [Plaintiff] has good functioning on his mental status examinations[.]" Tr. at 24. Plaintiff's main attack on this finding is that it impermissibly ignores Dr. Oh's notes indicating Plaintiff was often depressed and anxious. Pl.'s Br. at 13-14. While it is true the notes do document depression and anxiousness (conditions for which Plaintiff was seeing Dr. Oh), it is also true that Dr. Oh consistently

---

[7] The form was actually completed by Plaintiff's wife, but it appears she was simply documenting Plaintiff's self-reported activities. See Tr. at 232-38.

[8] A doctor did, in fact, order Plaintiff not to drive, Tr. at 243, but evidently Plaintiff continued to do so.

documented good functioning on the mental status examinations during the relevant time period, including appropriate appearance; normal motor behavior; full or appropriate affect; clear thought content; good or fair judgment and good insight[9]; and intact impulse control. See Tr. at 422-27, 429-31, 673-78, 710.

Plaintiff contends that the ALJ impermissibly accorded "greater weight" to Dr. Silver's opinion, and then improperly failed to account for all of Dr. Silver's stated limitations in the RFC finding. Pl.'s Br. at 14-18. An ALJ, however, is permitted to rely upon a non-examining medical source's opinion that is consistent with the evidence while rejecting a treating source's opinion that is not. See Oldham, 660 F.2d at 1084. Plaintiff argues that the ALJ failed to account for Dr. Silver's finding that he has moderate limitations in the ability to concentrate for extended periods, and Dr. Silver's finding regarding Plaintiff's possible need for extra time to complete a normal workweek. Pl.'s Br. at 17-18. According to Plaintiff, the RFC "clearly conflicts with" Dr. Silver's opinion "as it fails to address [Dr. Silver's] opinion that [Plaintiff] would need extra time to complete a normal workweek." Id. at 18. Dr. Silver's statement was not so strong; she stated that Plaintiff "may" require additional time to complete a normal workweek. Tr. at 601 (emphasis added). Dr. Silver's statement in this regard was not definitive, and in any event, the ALJ's assignment of "greater weight" to the opinion on the whole does not mean he was required to account for every possible, but not definitive, limitation assessed by Dr. Silver. In addition, the ALJ accounted for Dr. Silver's finding regarding moderate limitations in the ability to concentrate and persist by limiting

---

[9] There is only one occasion during the relevant time frame, August 20, 2010, in which Dr. Oh indicated Plaintiff's judgment was poor and his insight was fair. Tr. at 675.

Plaintiff in the RFC to "concentrat[ing] and persist[ing] for two hour segments" and stating Plaintiff "is unable to meet fast paced, high production demands." Tr. at 19 (emphasis omitted); see Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *6; see also 20 C.F.R. §§ 404.1545(c) and 416.945(c).[10]  In sum, the undersigned finds no error in the ALJ's handling of Dr. Silver's opinion.

## B. ALJ's Findings Regarding Plaintiff's Ability to Perform Work at Steps Four and Five (Plaintiff's Issue Three)

Plaintiff next contends the ALJ erred in assessing the work Plaintiff can perform at steps four and five of the sequential evaluation process. Pl.'s Br. at 18-20. According to Plaintiff, the ALJ improperly relied on his past work as an "eligibility worker" at step four because he only performed that job for ten months, and therefore it did not last long enough for Plaintiff to learn how to do it. Id.; see 20 C.F.R. § 404.1565(a) (stating work experience must have "lasted long enough for [the claimant] to learn to do it"). Plaintiff goes on to argue that the ALJ erred at step five by finding alternatively that Plaintiff can perform other work in the national economy. Pl.'s Br. at 19-20. In arguing that the ALJ erred at step five by finding Plaintiff able to perform other work in the national economy, Plaintiff solely relies on the ALJ's allegedly erroneous findings relating to Dr. Oh and Dr. Silver. Id.

---

[10] When itemizing the claimant's various functions in assessing RFC at steps four and five of the sequential evaluation process, "[n]onexertional capacity must be expressed in terms of work-related functions." SSR 96-8p, 1996 WL 374184, at *6. "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Id.; see also 20 C.F.R. §§ 404.1545(c) and 416.945(c). The assessment of functional limitations resulting from mental impairments "is a complex and highly individualized process that requires [consideration of] multiple issues and all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." 20 C.F.R. §§ 404.1520a(c)(1) and 416.920a(c)(1).

Because the undersigned has found that the ALJ did not err with respect to Dr. Oh and Dr. Silver's opinions, Plaintiff's step five argument fails. Consequently, whether the ALJ erred in the step four finding is of no moment.

## V. Conclusion

For the foregoing reasons, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 26, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record